JOHN GIVEN *vs.* AMHERST WHITMORE, administrator
of the estate of THOMAS GIVEN.

Cumberland.    Opinion May 4, 1882.

*Statute of limitations, avoidance of.*

To sustain an averment in a writ, commenced against an administrator more
than two years after notice of his appointment, that the cause of action
had been fraudulently concealed from the plaintiff by the defendant, the
plaintiff testified that the defendant promised before he was appointed
administrator that he would see to the plaintiff's account against the estate
and this the defendant had neglected to do. *Held,* that here was not evidence
from which a jury could find a fraudulent concealment of the cause of action.
The plaintiff's cause of action, if he had one, could not be thereby concealed.

ON EXCEPTIONS.

Assumpsit on an account annexed for labor and sundries.

The writ was dated December 7, 1878.

Plea, general issue, with a brief statement of *plene adminis-
travit* and statute of limitations.

The defendant was appointed administrator on the third
Tuesday of April, 1876, and gave the notice of his appointment
required by law, and ordered by the judge of probate within
three months thereafter.

The plaintiff presented his claim in writing to the administrator
and demanded payment November 5, 1878.

The writ contained the following averment: "And the plaintiff
avers that after the said Whitmore took upon himself the trust
of administrator, aforesaid, and before the purchase of this writ,
the plaintiff's right and cause of action was fraudulently con-
cealed from him, the said plaintiff by the said Whitmore, and
that a fraud was within that time committed by the said Whitmore
which entitles the plaintiff to this action."

At the trial the plaintiff testified in relation to signing the
petition for the appointment of the defendant as administrator.

"I told him [Whitmore] I couldn't sign it till — I should have
to see my counsel, that I had bills against the place and I didn't
want to sign anything without having some one to advise me.

At that he told me I didn't need anybody, that he could see to everything himself. I mentioned about my bills. I rather wanted a counsel any way, because I was hard of hearing, I told him. He told me I didn't need any, it would only be an expense to me to get a counsel, and he would do everything I wanted him to, that is, I understood him so.

*Question.* Whether or not he said anything to you about paying your account that you spoke to him about?

*Answer.* No; he said he would see to it, he would see to my account.

*Question.* What did you understand by that?

*Answer.* I understood him that he would see to my account. He said it two or three times when he was persuading me not to get a counsel.

*Question.* State whether you believed what he told you?

*Answer.* I did after a while. I did not at first, because I dared not sign till I was certain."

After the evidence for the plaintiff was closed, the presiding justice ordered a nonsuit, and to this the plaintiff alleged exceptions.

*Henry Orr*, for the plaintiff.

*Weston Thompson*, for the defendant.

WALTON, J. This is an action against an administrator. It was not commenced within the two years mentioned in the act, 1872, c. 85. To avoid this ground of defense the plaintiff averred in his writ, and claimed at the trial, that his cause of action had been fraudulently concealed from him by the defendant. But there was no evidence that would justify the jury in finding such a concealment, and the presiding judge ordered a nonsuit. We think the nonsuit was right. The only evidence offered in support of the alleged fraudulent concealment was the testimony of the plaintiff that the defendant, before he was appointed administrator, promised that he would see to the plaintiff's account against the estate, which he neglected to do. But the making of such a promise, and its nonfulfillment, could not conceal from the plaintiff the fact, if it was a fact, that the estate

was indebted to him. His cause of action, if he had one, could not be thereby concealed. His' cause of action is an account annexed to the writ for work and labor performed for the deceased in his lifetime, and for seventy-five or a hundred other items of cash paid for groceries and other articles. The plaintiff's delay in presenting and prosecuting his claim may have been caused by the defendant's promise, but his knowledge of the fact that he had such a claim could not be thereby obliterated. The defendant may have been guilty of such fraud or negligence as would give to the plaintiff a right of action against him; but such right would have to be enforced in another and a different form of action from the one now before us, and the defendant would have to be sued in another and a different capacity from the one in which he is now sued.

There is another averment in the plaintiff's writ intended as an avoidance of the statute of limitations. It is an averment that assets came into the hands of the defendant within six months of the time when the action was commenced. But there is no evidence whatever in support of this averment, and it will not be further noticed.

We think a nonsuit was properly ordered.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.